OPINION
{¶ 1} Appellant Gerald Diment ("appellant") appeals the decision of the Guernsey County Court of Common Pleas that found him in contempt of court. The following facts give rise to this appeal.
 {¶ 2} This matter originated as a divorce action, which the parties resolved through a Decree of Divorce — Magistrate's Decision, filed on December 22, 2003. The decree of divorce provided that by January 8, 2004, appellant was to pay $1,821.62 to appellee, as rollover into an IRA, for appellee's benefit. In an agreed judgment entry dated March 2, 2004, the parties agreed to extend the date of the rollover until on or before March 1, 2004.
 {¶ 3} However, appellant never paid the money pursuant to the agreed judgment entry and on April 19, 2005, appellee filed a motion for contempt. The trial court conducted a hearing on the contempt motion on September 1, 2005. Immediately following the hearing, the magistrate issued her decision in which she stated as follows:
 {¶ 4} "The Defendant/Husband shall provide a certified check made out to the trust account of Attorney Brown on or before 4:00 P.M. on today's date, September 1, 2005, in the amount of $4,000.00 or begin serving his 30-day sentence. He may be released upon providing a certified check made out to the trust account of Attorney Brown in the amount of $4,000.00." Magistrate's Decision, Sept. 1, 2005, at 2, ¶ 1.
 {¶ 5} The trial court adopted the magistrate's decision on the same day. Appellant timely filed a notice of appeal and sets forth the following assignments of error for our consideration:
 {¶ 6} "I. THE TRIAL COURT ERRED IN FINDING APPELLANT IN CONTEMPT OF COURT WHERE THE EVIDENCE ELICITED AT TRIAL ESTABLISHED THAT APPELLANT DID EXACTLY WHAT HE WAS ORDERED TO DO UNDER COURT ORDER.
 {¶ 7} "II. THE TRIAL COURT ERRED IN FINDING APPELLANT IN CONTEMPT AND SENTENCING APPELLANT TO THIRTY DAYS OF INCARCERATION WITHOUT PROVIDING A REASONABLE OPPORTUNITY TO PURGE HIS CONTEMPT."
 I, II {¶ 8} We will address appellant's First and Second Assignments of Error simultaneously as both may be resolved pursuant to the same analysis. In his First Assignment of Error, appellant challenges the trial court's finding of contempt on the basis that he did exactly what he was ordered to do pursuant to the court order. Appellant argues, in his Second Assignment of Error, that the trial court erred when it found him in contempt and sentenced him to thirty days in jail without providing a reasonable opportunity to purge his contempt. We are unable to address the merits of appellant's assignments of error as appellant failed to comply with Civ.R. 53(E)(3)(b).
 {¶ 9} In the case sub judice, appellant did not raise objections to the trial court regarding the factual issues involved. Civ.R. 53(E)(3)(d) provides that "[a] party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." See, e.g., Stamatakis v.Robinson (Jan. 27, 1997), Stark App. No. 1996CA00303; Kademenosv. Mercedes-Benz of N. Am., Inc. (Mar. 3, 1999), Stark App. No. 98CA50.
 {¶ 10} Further, even though the trial court adopted the magistrate's decision the same day it was issued, this fact did not prevent appellant from filing timely objections to the magistrate's decision. Civ.R. 53(E)(4)(c) provides, in pertinent part:
 {¶ 11} "(c) Permanent and interim orders. The court may adopt a magistrate's decision and enter judgment without waiting for timely objections by the parties, but the filing of timely written objections shall operate as an automatic stay of execution of that judgment until the court disposes of those objections and vacates, modifies, or adheres to the judgment previously entered. * * *"
 {¶ 12} Accordingly, because appellant did not file objections to the magistrate's decision, appellant cannot raise factual issues on appeal. We note that authority does exist in Ohio law for the proposition that appellant's failure to object to the magistrate's decision does not bar appellate review of "plain error." [Citations omitted.] Arthur v. Trimmer, Delaware App. No. 02CA06029, 2003-Ohio-2034, at fn. 1. However, the plain error doctrine is not favored in civil cases and should only be applied in extremely rare cases that involve exceptional circumstances affecting the basic fairness, integrity or public reputation of the judicial process. [Citation omitted.] Id. We find the facts of the case sub judice do not present such a case.
 {¶ 13} Appellant's First and Second Assignments of Error are overruled.
 {¶ 14} For the foregoing reasons, the judgment of the Court of Common Pleas, Guernsey County, Ohio, is hereby affirmed.
By: Wise, P.J. Gwin, J., and Boggins, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Guernsey County, Ohio, is affirmed.
Costs assessed to Appellant.